IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ DIVISION
Eastern

2006 MAY 16  P 3:51

CIVIL ACTION NO. _____

TRIAL BY JURY DEMANDED

*COMPLAINT - CIVIL*

JEFFREY LEE TAPLEY, and BETTY TAPLEY,

    Plaintiffs,

vs.

3:06cv441-SRW

MBNA CORPORATION; TRANSUNION, LLC; EQUIFAX, INC; and EXPERIAN INFORMATION SOLUTIONS, INC.

    Defendants.

COME NOW the Plaintiffs, Jeffrey Lee Tapley, and his mother, Betty Tapley, and state the following claims against Defendants MBNA Corporation, TransUnion LLC, Equifax, Inc. and Experian Information Solutions, Inc.:

PARTIES

1.    Plaintiffs are over the age of nineteen years and are residents of Tallapoosa County, Alabama.

2.    Defendant MBNA Corporation is a foreign corporation doing business in Tallapoosa County, Alabama.

3.    Defendant TransUnion, LLC is a foreign corporation doing business in Tallapoosa County, Alabama.

4.    Defendant Equifax, Inc. is a foreign corporation doing business in Tallapoosa County, Alabama.

5.    Defendant Experian Information Solutions, Inc. is a foreign corporation doing business in Tallapoosa County, Alabama.

JURISDICTION

6.    This court has subject matter jurisdiction over the primary issues herein pursuant to 15 U.S.C. § 1681 et seq., The Fair Credit Reporting Act (hereinafter "FCRA"). This court has pendent jurisdiction over the state law issues presented. Since Defendants do business within this court's district and division, venue is proper under 28 U.S.C. § 1391.

## FACTS

7.   In 1999, Plaintiff Jeffrey Lee Tapley obtained a credit card from Defendant MBNA Corporation. Plaintiff Betty Tapley co-signed with her son to help him obtain the MBNA credit card.

8.   In May of 2001, Plaintiff Jeffrey Lee Tapley learned that a company named "Privacy Guard" had made an unauthorized charge to his MBNA credit card account for a "security service" that he did not want or need. As soon as he learned about this charge, Plaintiff Jeffrey Lee Tapley informed MBNA that the charge had not been authorized and that he wanted to close the credit card account. Plaintiff Jeffrey Lee Tapley then called Privacy Guard directly about the charge. Plaintiffs were given to understand that Privacy Guard was going to issue a credit for the charge. Plaintiffs were informed by Defendant MBNA Corporation that, as soon as the credit was received from Privacy Guard, the account would be closed and would be marked as "paid in full - acccount closed by customer."

9.   Plaintiffs did not hear back from the companies and did not receive anymore credit card account statements from MBNA, and understood the charge had been taken off and the account closed.

10.   In 2002, Plaintiff Jeffrey Lee Tapley applied for a job at Aliant Bank where Plaintiff Betty Tapley worked. Plaintiff Jeffrey Lee Tapley was qualified for the job but was not hired because his credit report showed the above-referenced MBNA credit card account as being written off as a bad debt. Plaintiff Betty Tapley learned that this report was on her credit report, as well.

11.   Plaintiff Jeffrey Lee Tapley called MBNA and was told that, even if he sent the money they were claiming he owed them, they would not agree to remove the bad debt report from their records and would continue to report the transaction as a bad debt to the various credit reporting agencies.

12.   Since then, Plaintiffs have both received credit reports from Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. which showed the MBNA credit card account as closed with a bad debt written off.

13.   Plaintiffs have written to Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. and explained why this report is erroneous and requested that Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. remove the erroneous record from their reports.

14.   Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. have refused to remove the erroneous MBNA Corporation record from their reports.

15.   Since then, Plaintiffs have had trouble getting credit and their insurance rates have gone up.

**Count I**

VIOLATION OF THE FAIR CREDIT REPORTING ACT

16.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

17.     Defendants, by issuing erroneous reports of Plaintiffs' credit history as described above, have violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

18.     Defendants, by knowingly and willfully refusing to correct their reports of Plaintiffs' credit history as described above, have further violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

19.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

**Count II**

DEFAMATION SLANDER AND LIBEL

20.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

21.     Defendants, by issuing erroneous reports of Plaintiffs' credit history as described above, have defamed, slandered and libeled Plaintiffs.

22.     Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

23.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be

determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

### Count III

### NEGLIGENCE/WANTONNESS/WILFULLNESS

24. Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

25. Defendants, negligently, wantonly and/or willfully issued and continue to issue erroneous reports of Plaintiffs' credit history as described above.

26. Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

27. Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

*PLAINTIFFS HEREBY DEMAND TRIAL BY STRUCK JURY*

_____
Patrick J. Ballard
Federal Bar No.: 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
BALLARD LAW OFFICE
2214 Second Ave. No., Ste. 100
Birmingham, AL 35203
TELE: (205) 321-9600