IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JEFFREY LEE TAPLEY, et al.,            )
                                       )
            Plaintiffs,                )
                                       )
vs.                                    )        CASE NO. 3:06-cv-441-SRW
                                       )
MBNA AMERICA BANK, N.A., et al.,       )
                                       )
            Defendants.                )

NOTICE OF SERVICE OF WAIVER OF SERVICE FORMS

COME NOW the Plaintiffs in the above styled cause and give notice to the Court that they have served upon the Defendants in this matter a request for waiver of service pursuant to Rule 4, Fed. R. Civ. Proc. as evidenced by the attached letters and forms made Exhibits A-D.

Respectfully submitted this 2nd day of June, 2006

                                       _____
                                       Patrick J. Ballard
                                       Federal ID No.: 4█████████
                                       2214 Second Ave. N., Suite 100
                                       Birmingham AL 35203
                                       TELE:  (205) 321-9600

**EXHIBIT A**

Phone: (205) 321-9600                    Mobile:        (205) 706-7069
Fax:    (205) 323-9805                   Email:    pat@ballardlawoffice.com

# PATRICK J. BALLARD

## ATTORNEY AT LAW
2214 Second Avenue North, Suite 100
Birmingham, Alabama 35203

Wednesday, May 31, 2006

MBNA Corporation
c/o The Corporation Trust Inc., Registered Agent
300 E. Lombard St.
Baltimore, MD  21202

**Re:    Tapley v. MBNA America Bank, N.A., et al.; In the United States District Court for the Middle District of Alabama, Eastern Division; 3:06cv441-SRW**

Dear Sir or Madam:

A lawsuit has been commenced against the entity on whose behalf you are addressed.  A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the Middle District of Alabama, Eastern Division, and has been assigned docket number 3:06cv441-SRW.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days of the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope for your use.  An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served upon you.  The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

Wednesday, May 31, 2006
MBNA Corporation
page 2

I affirm that this request is being sent to you on behalf of the plaintiff, this 31st day of May, 2006.

Sincerely,


Patrick J. Ballard

enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY LEE TAPLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06-cv-441-SRW |
| | ) | |
| MBNA AMERICA BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

WAIVER OF SERVICE OF SUMMONS

TO: Patrick J. Ballard, Attorney for Plaintiff

I acknowledge receipt of your request that I waive service of a summons in the action of *Tapley v. MBNA Corporation*, which is case number 3:06-cv-441-SRW in the United States District Court for the Northern District of Alabama, Southern Division. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after May 31, 2006, or within 90 days after that date if the request was sent outside the United States.

_____    _____

Date        Signature

Printed/typed name:    _____

as Registered Agent of MBNA Corporation

DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE UNITED STATES DISTRICT COURT ~~RECEIVED~~
FOR THE MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ DIVISION
Eastern

2006 MAY 16  P 3: 51

CIVIL ACTION NO. _____

TRIAL BY JURY DEMANDED

*COMPLAINT - CIVIL*

JEFFREY LEE TAPLEY, and BETTY TAPLEY,

      Plaintiffs,

3:06cv441- SRW

vs.

MBNA CORPORATION; TRANSUNION, LLC;  EQUIFAX, INC; and EXPERIAN
INFORMATION SOLUTIONS, INC.

      Defendants.

COME NOW the Plaintiffs, Jeffrey Lee Tapley, and his mother, Betty Tapley, and state
the following claims against Defendants MBNA Corporation, TransUnion LLC, Equifax, Inc.
and Experian Information Solutions, Inc.:

PARTIES

1.     Plaintiffs are over the age of nineteen years and are residents of Tallapoosa
County, Alabama.

2.     Defendant MBNA Corporation is a foreign corporation doing business in
Tallapoosa County, Alabama.

3.     Defendant TransUnion, LLC is a foreign corporation doing business in
Tallapoosa County, Alabama.

4.     Defendant Equifax, Inc. is a foreign corporation doing business in Tallapoosa
County, Alabama.

5.     Defendant Experian Information Solutions, Inc. is a foreign corporation doing
business in Tallapoosa County, Alabama.

JURISDICTION

6.     This court has subject matter jurisdiction over the primary issues herein pursuant
to 15 U.S.C. § 1681 et seq., The Fair Credit Reporting Act (hereinafter "FCRA").  This court has
pendent jurisdiction over the state law issues presented.  Since Defendants do business within
this court's district and division, venue is proper under 28 U.S.C. § 1391.

FACTS

7.    In 1999, Plaintiff Jeffrey Lee Tapley obtained a credit card from Defendant MBNA Corporation.  Plaintiff Betty Tapley co-signed with her son to help him obtain the MBNA credit card.

8.    In May of 2001, Plaintiff Jeffrey Lee Tapley learned that a company named "Privacy Guard" had made an unauthorized charge to his MBNA credit card account for a "security service" that he did not want or need.  As soon as he learned about this charge, Plaintiff Jeffrey Lee Tapley informed MBNA that the charge had not been authorized and that he wanted to close the credit card account.  Plaintiff Jeffrey Lee Tapley then called Privacy Guard directly about the charge.  Plaintiffs were given to understand that Privacy Guard was going to issue a credit for the charge.  Plaintiffs were informed by Defendant MBNA Corporation that, as soon as the credit was received from Privacy Guard, the account would be closed and would be marked as "paid in full - acccount closed by customer."

9.    Plaintiffs did not hear back from the companies and did not receive anymore credit card account statements from MBNA, and understood the charge had been taken off and the account closed.

10.    In 2002, Plaintiff Jeffrey Lee Tapley applied for a job at Aliant Bank where Plaintiff Betty Tapley worked.  Plaintiff Jeffrey Lee Tapley was qualified for the job but was not hired because his credit report showed the above-referenced MBNA credit card account as being written off as a bad debt.  Plaintiff Betty Tapley learned that this report was on her credit report, as well.

11.    Plaintiff Jeffrey Lee Tapley called MBNA and was told that, even if he sent the money they were claiming he owed them, they would not agree to remove the bad debt report from their records and would continue to report the transaction as a bad debt to the various credit reporting agencies.

12.    Since then, Plaintiffs have both received credit reports from Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. which showed the MBNA credit card account as closed with a bad debt written off.

13.    Plaintiffs have written to Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. and explained why this report is erroneous and requested that Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. remove the erroneous record from their reports.

14.    Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. have refused to remove the erroneous MBNA Corporation record from their reports.

15.    Since then, Plaintiffs have had trouble getting credit and their insurance rates have gone up.

## Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

16.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

17.     Defendants, by issuing erroneous reports of Plaintiffs' credit history as described above, have violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

18.     Defendants, by knowingly and willfully refusing to correct their reports of Plaintiffs' credit history as described above, have further violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

19.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

## Count II

### DEFAMATION SLANDER AND LIBEL

20.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

21.     Defendants, by issuing erroneous reports of Plaintiffs' credit history as described above, have defamed, slandered and libeled Plaintiffs.

22.     Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

23.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be

determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

## Count III

### NEGLIGENCE/WANTONNESS/WILFULLNESS

24.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

25.     Defendants, negligently, wantonly and/or willfully issued and continue to issue erroneous reports of Plaintiffs' credit history as described above.

26.     Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

27.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

*PLAINTIFFS HEREBY DEMAND TRIAL BY STRUCK JURY*

Patrick J. Ballard
Federal Bar No.: 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
BALLARD LAW OFFICE
2214 Second Ave. No., Ste. 100
Birmingham, AL 35203
TELE: (205) 321-9600

**EXHIBIT B**

| | |
|---|---|
| Phone: (205) 321-9600 | Mobile: (205) 706-7069 |
| Fax: (205) 323-9805 | Email: pat@ballardlawoffice.com |

# PATRICK J. BALLARD

## ATTORNEY AT LAW
2214 Second Avenue North, Suite 100
Birmingham, Alabama 35203

Wednesday, May 31, 2006

TransUnion LLC
c/o Registered Agent, The Prentice-Hall Corporation System, Inc.
2711 Centerville Road, Ste. 400
Wilmington, DE 19808

**Re:    Tapley v. MBNA America Bank, N.A., et al.; In the United States District Court for the Middle District of Alabama, Eastern Division; 3:06cv441-SRW**

Dear Sir or Madam:

A lawsuit has been commenced against the entity on whose behalf you are addressed. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Middle District of Alabama, Eastern Division, and has been assigned docket number 3:06cv441-SRW.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days of the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served upon you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

Wednesday, May 31, 2006
TransUnion, LLC
page 2

I affirm that this request is being sent to you on behalf of the plaintiff, this 31st day of May, 2006.

Sincerely,

Patrick J. Ballard

enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY LEE TAPLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06-cv-441-SRW |
| | ) | |
| MBNA AMERICA BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

WAIVER OF SERVICE OF SUMMONS

TO: Patrick J. Ballard, Attorney for Plaintiff

I acknowledge receipt of your request that I waive service of a summons in the action of *Tapley v. MBNA Corporation*, which is case number 3:06-cv-441-SRW in the United States District Court for the Northern District of Alabama, Southern Division. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after May 31, 2006, or within 90 days after that date if the request was sent outside the United States.

_____     _____
Date             Signature
Printed/typed name: _____
                     as Registered Agent of TransUnion, LLC

DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE UNITED STATES DISTRICT COURT ~~RECEIVED~~
FOR THE MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ DIVISION
Eastern

CIVIL ACTION NO. _____

TRIAL BY JURY DEMANDED

2006 MAY 16  P 3: 51

~~. A. . . . . . CLK~~
~~U.S. DISTRICT COURT~~
~~MIDDLE DIST. OF ALA~~

### *COMPLAINT - CIVIL*

JEFFREY LEE TAPLEY, and BETTY TAPLEY,

      Plaintiffs,

vs.

    3:06cv441- SRW

MBNA CORPORATION; TRANSUNION, LLC;  EQUIFAX, INC; and EXPERIAN
INFORMATION SOLUTIONS, INC.

      Defendants.

      COME NOW the Plaintiffs, Jeffrey Lee Tapley, and his mother, Betty Tapley, and state
the following claims against Defendants MBNA Corporation, TransUnion LLC, Equifax, Inc.
and Experian Information Solutions, Inc.:

### PARTIES

      1.    Plaintiffs are over the age of nineteen years and are residents of Tallapoosa
County, Alabama.

      2.    Defendant MBNA Corporation is a foreign corporation doing business in
Tallapoosa County, Alabama.

      3.    Defendant TransUnion, LLC is a foreign corporation doing business in
Tallapoosa County, Alabama.

      4.    Defendant Equifax, Inc. is a foreign corporation doing business in Tallapoosa
County, Alabama.

      5.    Defendant Experian Information Solutions, Inc. is a foreign corporation doing
business in Tallapoosa County, Alabama.

### JURISDICTION

      6.    This court has subject matter jurisdiction over the primary issues herein pursuant
to 15 U.S.C. § 1681 et seq., The Fair Credit Reporting Act (hereinafter "FCRA").  This court has
pendent jurisdiction over the state law issues presented.  Since Defendants do business within
this court's district and division, venue is proper under 28 U.S.C. § 1391.

## FACTS

7.     In 1999, Plaintiff Jeffrey Lee Tapley obtained a credit card from Defendant MBNA Corporation. Plaintiff Betty Tapley co-signed with her son to help him obtain the MBNA credit card.

8.     In May of 2001, Plaintiff Jeffrey Lee Tapley learned that a company named "Privacy Guard" had made an unauthorized charge to his MBNA credit card account for a "security service" that he did not want or need. As soon as he learned about this charge, Plaintiff Jeffrey Lee Tapley informed MBNA that the charge had not been authorized and that he wanted to close the credit card account. Plaintiff Jeffrey Lee Tapley then called Privacy Guard directly about the charge. Plaintiffs were given to understand that Privacy Guard was going to issue a credit for the charge. Plaintiffs were informed by Defendant MBNA Corporation that, as soon as the credit was received from Privacy Guard, the account would be closed and would be marked as "paid in full - acccount closed by customer."

9.     Plaintiffs did not hear back from the companies and did not receive anymore credit card account statements from MBNA, and understood the charge had been taken off and the account closed.

10.     In 2002, Plaintiff Jeffrey Lee Tapley applied for a job at Aliant Bank where Plaintiff Betty Tapley worked. Plaintiff Jeffrey Lee Tapley was qualified for the job but was not hired because his credit report showed the above-referenced MBNA credit card account as being written off as a bad debt. Plaintiff Betty Tapley learned that this report was on her credit report, as well.

11.     Plaintiff Jeffrey Lee Tapley called MBNA and was told that, even if he sent the money they were claiming he owed them, they would not agree to remove the bad debt report from their records and would continue to report the transaction as a bad debt to the various credit reporting agencies.

12.     Since then, Plaintiffs have both received credit reports from Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. which showed the MBNA credit card account as closed with a bad debt written off.

13.     Plaintiffs have written to Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. and explained why this report is erroneous and requested that Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. remove the erroneous record from their reports.

14.     Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. have refused to remove the erroneous MBNA Corporation record from their reports.

15.     Since then, Plaintiffs have had trouble getting credit and their insurance rates have gone up.

## Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

16.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

17.     Defendants, by issuing erroneous reports of Plaintiffs' credit history as described above, have violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

18.     Defendants, by knowingly and willfully refusing to correct their reports of Plaintiffs' credit history as described above, have further violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

19.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history.  Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law.  Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

## Count II

### DEFAMATION SLANDER AND LIBEL

20.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

21.     Defendants, by issuing erroneous reports of Plaintiffs' credit history as described above, have defamed, slandered and libeled Plaintiffs.

22.     Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

23.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history.  Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be

determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

## Count III

### NEGLIGENCE/WANTONNESS/WILFULLNESS

24.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

25.     Defendants, negligently, wantonly and/or willfully issued and continue to issue erroneous reports of Plaintiffs' credit history as described above.

26.     Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

27.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

*PLAINTIFFS HEREBY DEMAND TRIAL BY STRUCK JURY*

Patrick J. Ballard
Federal Bar No.: 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
BALLARD LAW OFFICE
2214 Second Ave. No., Ste. 100
Birmingham, AL 35203
TELE:  (205) 321-9600

**EXHIBIT C**

Phone: (205) 321-9600                          Mobile:            (205) 706-7069
Fax:    (205) 323-9805                          Email:      pat@ballardlawoffice.com

# PATRICK J. BALLARD

## ATTORNEY AT LAW
2214 Second Avenue North, Suite 100
Birmingham, Alabama 35203

Wednesday, May 31, 2006

Equifax, Inc.
c/o Prentice Hall Corporation System, Inc., Registered Agent
150 S. Perry St.
Montgomery, AL  36104

**Re:    Tapley v. MBNA America Bank, N.A., et al.; In the United States District Court for
the Middle District of Alabama, Eastern Division; 3:06cv441-SRW**

Dear Sir or Madam:

A lawsuit has been commenced against the entity on whose behalf you are addressed.  A copy of
the complaint is attached to this notice.  It has been filed in the United States District Court for
the Middle District of Alabama, Eastern Division, and has been assigned docket number
3:06cv441-SRW.

This is not a formal summons or notification from the court, but rather my request that you sign
and return the enclosed waiver of service in order to save the cost of serving you with a judicial
summons and an additional copy of the complaint.  The cost of service will be avoided if I
receive a signed copy of the waiver within thirty (30) days of the date designated below as the
date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope for
your use.  An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and
no summons will be served upon you.  The action will then proceed as if you had been served on
the date the waiver is filed, except that you will not be obligated to answer the complaint before
60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to
effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will
then, to the extent authorized by those Rules, ask the court to require you (or the party on whose
behalf you are addressed) to pay the full costs of such service. In that connection, please read the
statement concerning the duty of parties to waive the service of the summons, which is set forth
on the reverse side (or at the foot) of the waiver form.

Wednesday, May 31, 2006
Equifax, Inc.
page 2

I affirm that this request is being sent to you on behalf of the plaintiff, this 31st day of May, 2006.

Sincerely,


Patrick J. Ballard

enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JEFFREY LEE TAPLEY, et al.,                  )
                                             )
      Plaintiffs,                            )
                                             )
vs.                                          )    CASE NO. 3:06-cv-441-SRW
                                             )
MBNA AMERICA BANK, N.A., et al.,             )
                                             )
      Defendants.                            )

## WAIVER OF SERVICE OF SUMMONS

TO: Patrick J. Ballard, Attorney for Plaintiff

     I acknowledge receipt of your request that I waive service of a summons in the action of *Tapley v. MBNA Corporation*, which is case number 3:06-cv-441-SRW in the United States District Court for the Northern District of Alabama, Southern Division.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

     I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after May 31, 2006, or within 90 days after that date if the request was sent outside the United States.

_____    _____
Date                  Signature
Printed/typed name: _____
           as Registered Agent of Equifax, Inc.

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

     Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

     It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

     A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE UNITED STATES DISTRICT COURT ~~RECEIVED~~
FOR THE MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ DIVISION
ECistern          2006 MAY 16  P 3: 51

CIVIL ACTION NO. _____

TRIAL BY JURY DEMANDED

## *COMPLAINT - CIVIL*

JEFFREY LEE TAPLEY, and BETTY TAPLEY,

    Plaintiffs,              3:06cv441- SRW

vs.

MBNA CORPORATION; TRANSUNION, LLC;  EQUIFAX, INC; and EXPERIAN
INFORMATION SOLUTIONS, INC.

    Defendants.

COME NOW the Plaintiffs, Jeffrey Lee Tapley, and his mother, Betty Tapley, and state
the following claims against Defendants MBNA Corporation, TransUnion LLC, Equifax, Inc.
and Experian Information Solutions, Inc.:

### PARTIES

1.    Plaintiffs are over the age of nineteen years and are residents of Tallapoosa
County, Alabama.

2.    Defendant MBNA Corporation is a foreign corporation doing business in
Tallapoosa County, Alabama.

3.    Defendant TransUnion, LLC is a foreign corporation doing business in
Tallapoosa County, Alabama.

4.    Defendant Equifax, Inc. is a foreign corporation doing business in Tallapoosa
County, Alabama.

5.    Defendant Experian Information Solutions, Inc. is a foreign corporation doing
business in Tallapoosa County, Alabama.

### JURISDICTION

6.    This court has subject matter jurisdiction over the primary issues herein pursuant
to 15 U.S.C. § 1681 et seq., The Fair Credit Reporting Act (hereinafter "FCRA").  This court has
pendent jurisdiction over the state law issues presented.  Since Defendants do business within
this court's district and division, venue is proper under 28 U.S.C. § 1391.

FACTS

7.     In 1999, Plaintiff Jeffrey Lee Tapley obtained a credit card from Defendant MBNA Corporation. Plaintiff Betty Tapley co-signed with her son to help him obtain the MBNA credit card.

8.     In May of 2001, Plaintiff Jeffrey Lee Tapley learned that a company named "Privacy Guard" had made an unauthorized charge to his MBNA credit card account for a "security service" that he did not want or need. As soon as he learned about this charge, Plaintiff Jeffrey Lee Tapley informed MBNA that the charge had not been authorized and that he wanted to close the credit card account. Plaintiff Jeffrey Lee Tapley then called Privacy Guard directly about the charge. Plaintiffs were given to understand that Privacy Guard was going to issue a credit for the charge. Plaintiffs were informed by Defendant MBNA Corporation that, as soon as the credit was received from Privacy Guard, the account would be closed and would be marked as "paid in full - acccount closed by customer."

9.     Plaintiffs did not hear back from the companies and did not receive anymore credit card account statements from MBNA, and understood the charge had been taken off and the account closed.

10.    In 2002, Plaintiff Jeffrey Lee Tapley applied for a job at Aliant Bank where Plaintiff Betty Tapley worked. Plaintiff Jeffrey Lee Tapley was qualified for the job but was not hired because his credit report showed the above-referenced MBNA credit card account as being written off as a bad debt. Plaintiff Betty Tapley learned that this report was on her credit report, as well.

11.    Plaintiff Jeffrey Lee Tapley called MBNA and was told that, even if he sent the money they were claiming he owed them, they would not agree to remove the bad debt report from their records and would continue to report the transaction as a bad debt to the various credit reporting agencies.

12.    Since then, Plaintiffs have both received credit reports from Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. which showed the MBNA credit card account as closed with a bad debt written off.

13.    Plaintiffs have written to Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. and explained why this report is erroneous and requested that Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. remove the erroneous record from their reports.

14.    Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. have refused to remove the erroneous MBNA Corporation record from their reports.

15.    Since then, Plaintiffs have had trouble getting credit and their insurance rates have gone up.

### Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

16.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

17.     Defendants, by issuing erroneous reports of Plaintiffs' credit history as described above, have violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

18.     Defendants, by knowingly and willfully refusing to correct their reports of Plaintiffs' credit history as described above, have further violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

19.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history.  Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law.  Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

### Count II

### DEFAMATION SLANDER AND LIBEL

20.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

21.     Defendants, by issuing erroneous reports of Plaintiffs' credit history as described above, have defamed, slandered and libeled Plaintiffs.

22.     Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

23.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history.  Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be

determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

## Count III

### NEGLIGENCE/WANTONNESS/WILFULLNESS

24.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

25.     Defendants, negligently, wantonly and/or willfully issued and continue to issue erroneous reports of Plaintiffs' credit history as described above.

26.     Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

27.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

### *PLAINTIFFS HEREBY DEMAND TRIAL BY STRUCK JURY*

Patrick J. Ballard
Federal Bar No.: 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
BALLARD LAW OFFICE
2214 Second Ave. No., Ste. 100
Birmingham, AL 35203
TELE:  (205) 321-9600

**EXHIBIT D**

Phone: (205) 321-9600                    Mobile:          (205) 706-7069
Fax:    (205) 323-9805                    Email:    pat@ballardlawoffice.com

# PATRICK J. BALLARD

## ATTORNEY AT LAW
2214 Second Avenue North, Suite 100
Birmingham, Alabama 35203

Wednesday, May 31, 2006

Experian Information Solutions, Inc.
c/o The Corporation Company, Registered Agent
2000 Interstate Park Drive, Ste. 204
Montgomery, AL  36109

**Re:    Tapley v. MBNA America Bank, N.A., et al.; In the United States District Court for
the Middle District of Alabama, Eastern Division; 3:06cv441-SRW**

Dear Sir or Madam:

A lawsuit has been commenced against the entity on whose behalf you are addressed.  A copy of
the complaint is attached to this notice.  It has been filed in the United States District Court for
the Middle District of Alabama, Eastern Division, and has been assigned docket number
3:06cv441-SRW.

This is not a formal summons or notification from the court, but rather my request that you sign
and return the enclosed waiver of service in order to save the cost of serving you with a judicial
summons and an additional copy of the complaint.  The cost of service will be avoided if I
receive a signed copy of the waiver within thirty (30) days of the date designated below as the
date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope for
your use.  An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and
no summons will be served upon you.  The action will then proceed as if you had been served on
the date the waiver is filed, except that you will not be obligated to answer the complaint before
60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to
effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will
then, to the extent authorized by those Rules, ask the court to require you (or the party on whose
behalf you are addressed) to pay the full costs of such service. In that connection, please read the
statement concerning the duty of parties to waive the service of the summons, which is set forth
on the reverse side (or at the foot) of the waiver form.

Wednesday, May 31, 2006
Experian Information Solutions, Inc.
page 2

I affirm that this request is being sent to you on behalf of the plaintiff, this 31st day of May,
2006.

Sincerely,


Patrick J. Ballard

enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JEFFREY LEE TAPLEY, et al.,            )
                                       )
          Plaintiffs,                  )
                                       )
vs.                                    )          CASE NO. 3:06-cv-441-SRW
                                       )
MBNA AMERICA BANK, N.A., et al.,       )
                                       )
          Defendants.                  )

WAIVER OF SERVICE OF SUMMONS

TO: Patrick J. Ballard, Attorney for Plaintiff

          I acknowledge receipt of your request that I waive service of a summons in the action of *Tapley v. MBNA Corporation*, which is case number 3:06-cv-441-SRW in the United States District Court for the Northern District of Alabama, Southern Division.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

          I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

          I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

          I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after May 31, 2006, or within 90 days after that date if the request was sent outside the United States.

_____          _____
Date                Signature
Printed/typed name: _____
                    as Registered Agent of Experian Information Solutions, Inc.

DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

          Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

          It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

          A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE UNITED STATES DISTRICT COURT ~~RECEIVED~~
FOR THE MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ DIVISION
Eastern

2006 MAY 16  P 3: 51

CIVIL ACTION NO. _____

TRIAL BY JURY DEMANDED

**_COMPLAINT - CIVIL_**

JEFFREY LEE TAPLEY, and BETTY TAPLEY,

      Plaintiffs,

vs.

3:06cv441- SRW

MBNA CORPORATION; TRANSUNION, LLC;  EQUIFAX, INC; and EXPERIAN
INFORMATION SOLUTIONS, INC.

      Defendants.

      COME NOW the Plaintiffs, Jeffrey Lee Tapley, and his mother, Betty Tapley, and state
the following claims against Defendants MBNA Corporation, TransUnion LLC, Equifax, Inc.
and Experian Information Solutions, Inc.:

PARTIES

      1.     Plaintiffs are over the age of nineteen years and are residents of Tallapoosa
County, Alabama.

      2.     Defendant MBNA Corporation is a foreign corporation doing business in
Tallapoosa County, Alabama.

      3.     Defendant TransUnion, LLC is a foreign corporation doing business in
Tallapoosa County, Alabama.

      4.     Defendant Equifax, Inc. is a foreign corporation doing business in Tallapoosa
County, Alabama.

      5.     Defendant Experian Information Solutions, Inc. is a foreign corporation doing
business in Tallapoosa County, Alabama.

JURISDICTION

      6.     This court has subject matter jurisdiction over the primary issues herein pursuant
to 15 U.S.C. § 1681 et seq., The Fair Credit Reporting Act (hereinafter "FCRA").  This court has
pendent jurisdiction over the state law issues presented.  Since Defendants do business within
this court's district and division, venue is proper under 28 U.S.C. § 1391.

## FACTS

7.     In 1999, Plaintiff Jeffrey Lee Tapley obtained a credit card from Defendant MBNA Corporation. Plaintiff Betty Tapley co-signed with her son to help him obtain the MBNA credit card.

8.     In May of 2001, Plaintiff Jeffrey Lee Tapley learned that a company named "Privacy Guard" had made an unauthorized charge to his MBNA credit card account for a "security service" that he did not want or need. As soon as he learned about this charge, Plaintiff Jeffrey Lee Tapley informed MBNA that the charge had not been authorized and that he wanted to close the credit card account. Plaintiff Jeffrey Lee Tapley then called Privacy Guard directly about the charge. Plaintiffs were given to understand that Privacy Guard was going to issue a credit for the charge. Plaintiffs were informed by Defendant MBNA Corporation that, as soon as the credit was received from Privacy Guard, the account would be closed and would be marked as "paid in full - acccount closed by customer."

9.     Plaintiffs did not hear back from the companies and did not receive anymore credit card account statements from MBNA, and understood the charge had been taken off and the account closed.

10.     In 2002, Plaintiff Jeffrey Lee Tapley applied for a job at Aliant Bank where Plaintiff Betty Tapley worked. Plaintiff Jeffrey Lee Tapley was qualified for the job but was not hired because his credit report showed the above-referenced MBNA credit card account as being written off as a bad debt. Plaintiff Betty Tapley learned that this report was on her credit report, as well.

11.     Plaintiff Jeffrey Lee Tapley called MBNA and was told that, even if he sent the money they were claiming he owed them, they would not agree to remove the bad debt report from their records and would continue to report the transaction as a bad debt to the various credit reporting agencies.

12.     Since then, Plaintiffs have both received credit reports from Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. which showed the MBNA credit card account as closed with a bad debt written off.

13.     Plaintiffs have written to Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. and explained why this report is erroneous and requested that Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. remove the erroneous record from their reports.

14.     Defendants TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. have refused to remove the erroneous MBNA Corporation record from their reports.

15.     Since then, Plaintiffs have had trouble getting credit and their insurance rates have gone up.

## Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

16.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

17.     Defendants, by issuing erroneous reports of Plaintiffs' credit history as described above, have violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

18.     Defendants, by knowingly and willfully refusing to correct their reports of Plaintiffs' credit history as described above, have further violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

19.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law.  Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

## Count II

### DEFAMATION SLANDER AND LIBEL

20.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

21.     Defendants, by issuing erroneous reports of Plaintiffs' credit history as described above, have defamed, slandered and libeled Plaintiffs.

22.     Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

23.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be

determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

### Count III

#### NEGLIGENCE/WANTONNESS/WILFULLNESS

24.     Plaintiffs adopt and incorporate all of the material allegations of Paragraphs 1-15 as if fully stated herein.

25.     Defendants, negligently, wantonly and/or willfully issued and continue to issue erroneous reports of Plaintiffs' credit history as described above.

26.     Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

27.     Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA Corporation, TransUnion, LLC, Equifax, Inc. and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

*PLAINTIFFS HEREBY DEMAND TRIAL BY STRUCK JURY*

Patrick J. Ballard
Federal Bar No.: 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
BALLARD LAW OFFICE
2214 Second Ave. No., Ste. 100
Birmingham, AL 35203
TELE: (205) 321-9600