IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JEFFREY LEE TAPLEY, and
BETTY TAPLEY,
    Plaintiffs
v.
MBNA CORPORATION;                  Case No. 3:06-cv-00441-SRW
TRANSUNION, LLC;
EQUIFAX, INC.; and EXPERIAN
INFORMATION SOLUTIONS, INC.
    Defendants

## DEFENDANT TRANS UNION LLC'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, Trans Union LLC ("Trans Union"), incorrectly named as TransUnion, LLC, one of the Defendants herein, and files its Answer and Defenses to Plaintiffs' Original Complaint ("Complaint"). The paragraph numbers below correspond to the paragraph numbers contained in the Complaint to the extent possible.

### PARTIES

1.    Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.    Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.    Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is licensed to do business in the State of Alabama.

4.    Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION

6. Trans Union admits this Court has jurisdiction over this matter. Trans Union also admits that venue is proper in this District.

## FACTS

7. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint.

## COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

16. Trans Union restates and incorporates its responses to paragraphs 1 through 15 above as though fully stated herein.

17. To the extent the allegations contained in paragraph 17 of the Complaint are directed at Trans Union, Trans Union denies such allegations.

18. To the extent the allegations contained in paragraph 18 of the Complaint are directed at Trans Union, Trans Union denies such allegations.

19. To the extent the allegations contained in paragraph 19 of the Complaint are directed at Trans Union, Trans Union denies such allegations.

Trans Union denies the allegations and request for relief contained in the Prayer of Count I of the Complaint.

## COUNT II
### DEFAMATION SLANDER AND LIBEL

20. Trans Union restates and incorporates its responses to paragraphs 1 through 19 above as though fully stated herein.

21. To the extent the allegations contained in paragraph 21 of the Complaint are directed at Trans Union, Trans Union denies such allegations.

22. To the extent the allegations contained in paragraph 22 of the Complaint are directed at Trans Union, Trans Union denies such allegations.

23. To the extent the allegations contained in paragraph 23 of the Complaint are directed at Trans Union, Trans Union denies such allegations.

Trans Union denies the allegations and request for relief contained in the Prayer of Count II of the Complaint.

## COUNT II
### NEGLIGENCE/WATONESS/WILLFULLNESS

24. Trans Union restates and incorporates its responses to paragraphs 1 through 23 above as though fully stated herein.

25. To the extent the allegations contained in paragraph 25 of the Complaint are directed at Trans Union, Trans Union denies such allegations.

26. To the extent the allegations contained in paragraph 26 of the Complaint are directed at Trans Union, Trans Union denies such allegations.

27. To the extent the allegations contained in paragraph 27 of the Complaint are directed at Trans Union, Trans Union denies such allegations.

Trans Union denies the allegations and request for relief contained in the Prayer of Count III of the Complaint.

## DEFENSES

28. Plaintiffs have failed to state a claim against Trans Union upon which relief can be granted.

29. At all relevant times, Trans Union maintained and followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs in preparing consumer reports related to Plaintiffs.

30. Trans Union alleges that any alleged damage to Plaintiffs, which Trans Union continues to deny, is the result of the acts or omissions of third parties, over whom Trans Union has no control and for whom Trans Union has no responsibility.

31. Trans Union reasonably and completely reinvestigated and reverified all information disputed by Plaintiffs in compliance with the Fair Credit Reporting Act, 15 U.S.C. §1681i.

32. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

33. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiffs and has not acted with negligence, malice, actual malice, or willful intent to injure.

34. Plaintiffs' common law and/or state law claims are barred/preempted by the qualified immunity granted by the Fair Credit Reporting Act

35. Some or all of Plaintiffs' claims against Trans Union are barred by the applicable statute of limitations.

36. Trans Union did not publish false or inaccurate information regarding Plaintiffs.

37.     Any statement made by Trans Union regarding Plaintiffs were true or substantially true.

38.     Plaintiffs failed to mitigate their alleged damages.

39.     Plaintiffs' claims for punitive damages are subject to the limitation and protections contained in Alabama Code §6-11-20; 6-11-21.

40.     To the extent Trans Union could be found liable, Plaintiffs were contributorily negligent.

41.     Plaintiffs' claims are barred by waiver, laches and estoppel.

42.     Plaintiffs assumed the risk for any alleged damages he suffered.

43.     At all relevant times, Trans Union has acted under the qualified immunity provided for in the Fair Credit Reporting Act.

44.     At all relevant times, Trans Union has acted under a qualified privilege.

45.     Plaintiffs' claims for exemplary or punitive damages violate the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, the Due Process Clause of the United States Constitution.

46.     Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiffs have filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or o of the FCRA in bad faith or for purposes of harassment.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiffs' Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully submitted,

/s/ Kary Bryant Wolfe
**KARY BRYANT WOLFE** (WOL016)
WALSTON WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, Alabama 35283-0642
(205) 244-5281
(205) 244-5481 (Fax)

**ATTORNEY FOR TRANS UNION LLC**

## **CERTIFICATE OF SERVICE**

This is to certify that on the 12th of July 2006, a true and correct copy of the above and foregoing document has been electronically filed with the foregoing Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Patrick J. Ballard
BALLARD LAW OFFICE
2214 Second Ave. No., Ste. 100
Birmingham, Alabama 35203
**Counsel for Plaintiff**

/s/ Kary B. Wolfe
OF COUNSEL