UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEFFREY LEE TAPLEY and BETTY TAPLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MBNA CORPORATION; TRANSUNION LLC, EQUIFAX INC.; and EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) ) |
| Defendants. | ) ) ) |

Case No.: 3:06CV441-SRW

## ANSWER OF EQUIFAX INFORMATION SERVICES LLC

COMES NOW Equifax Information Services LLC, ("Equifax") incorrectly named in the above-styled lawsuit as Equifax Inc., by counsel, and hereby files its Answer to Plaintiffs' Complaint as follows:

### PARTIES

1. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Equifax denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint as they are pled.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

## JURISDICTION

6. To the extent that Plaintiff can maintain a federal cause of action, which Equifax denies, jurisdiction would be proper in this Court. Equifax denies that it is liable to Plaintiff, in any sum or manner.

## FACTS

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore, denies the same.

13. Equifax admits that it received a dispute letter from Plaintiff Jeffrey Lee Tapley on January 6, 2005. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Equifax denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

16. In response to Paragraph 16 of the Complaint, Equifax restates and incorporates its answers and defenses to the foregoing paragraphs as though fully set forth herein.

17. Equifax denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Equifax denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Equifax denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

Equifax denies that Plaintiffs are entitled to any of the relief set forth in Count I of Plaintiffs' Complaint.

## COUNT II
### *DEFAMATION SLANDER AND LIBEL*

20. In response to Paragraph 20 of the Complaint, Equifax restates and incorporates its answers and defenses to the foregoing paragraphs as though fully set forth herein.

21. Equifax denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint as they apply to Equifax. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Equifax denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint as they apply to Equifax. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Equifax denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint as they apply to Equifax. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

Equifax denies that Plaintiffs are entitled to any of the relief set forth in Count II of Plaintiffs' Complaint.

## COUNT III
### *NEGLIGENCE/WANTONNESS/WILLFULNESS*

24. In response to Paragraph 24 of the Complaint, Equifax restates and incorporates its answers and defenses to the foregoing paragraphs as though fully set forth herein.

25. Equifax denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint as they apply to Equifax. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Equifax denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint as they apply to Equifax. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Equifax denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint as they apply to Equifax. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint.

Equifax denies that Plaintiffs are entitled to any of the relief set forth in Count III of Plaintiffs' Complaint.

Any allegation of the Complaint not expressly admitted by Equifax is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Equifax upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any responsibility for maintaining credit reports belonged to Equifax Information Services LLC not Equifax Inc., and Equifax Information Services LLC maintained reasonable procedures to ensure maximum possible accuracy in its credit reports. To the extent that Plaintiff alleges that Equifax Inc. violated the FCRA, Equifax Inc. is entitled to each and every defense and limitation of liability provided by said Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax Inc. is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims against Equifax may be barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §1681h(e).

## SIXTH AFFIRMATIVE DEFENSE

Equifax reserves the right to assert additional defenses as they become known.

**WHEREFORE,** this answering Defendant prays judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint on file herein, and that the same be dismissed;

2. For costs of suit and attorney's fees herein; and

3. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 3rd day of August, 2006.

        EQUIFAX INFORMATION
        SERVICES LLC


        /s/ E. Luckett Robinson, II
        E. Luckett Robinson II, Esq.
        Bar No. ROBIE6110
        Hand Arendall, L.L.C.
        3000 AmSouth Bank Building
        107 St. Francis Street
        Mobile, Alabama 36602
        tel:   (251) 432-5511
        fax:  (251) 694-6375

**CERTIFICATE OF SERVICE**

      This is to certify that I have, on August 3, 2006, served a copy of the foregoing upon the following parties by depositing same in the United States mail, with sufficient postage thereon to insure delivery, and addressed as follows:

Patrick J. Ballard
Ballard Law Office
2214 Second Ave. No., Ste. 100
Birmingham, AL 35203

                /s/ E. Luckett Robinson, II