IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEFFREY LEE TAPLEY, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )   CASE NO. 3:06-cv-441-MEF |
| | ) |
| MBNA AMERICA BANK, N.A., et al., | ) |
| | ) |
|     Defendants. | ) |

AMENDMENT TO COMPLAINT

COME NOW the Plaintiffs, Jeffrey Lee Tapley, and his mother, Betty Tapley, and amend their complaint by stating the following claims against Defendants MBNA America Bank, N.A., TransUnion LLC, Equifax, Inc. and Experian Information Solutions, Inc.:

PARTIES

1. Plaintiffs are over the age of nineteen years and are residents of Tallapoosa County, Alabama.

2. Defendant MBNA America Bank, N.A., incorrectly nominated as MBNA Corporation in the original complaint, is a foreign corporation doing business in Tallapoosa County, Alabama. Plaintiffs hereby renominate this defendant as MBNA America Bank, N.A.

3. Defendant Trans Union, LLC, incorrectly nominated ast "TransUnion, LLC" in the original complaint, is a foreign corporation doing business in Tallapoosa County, Alabama. Plaintiffs hereby renominate this defendant as Trans Union, LLC.

4. Defendant Equifax Information Services, LLC, incorrectly nominated as "Equifax, Inc." in the original complaint, is a foreign corporation doing business

in Tallapoosa County, Alabama.  Plaintiffs hereby renominate this defendant as Equifax Information Services, LLC.

5.     Defendant Experian Information Solutions, Inc. is a foreign corporation doing business in Tallapoosa County, Alabama.

## JURISDICTION

6.     This court has subject matter jurisdiction over the primary issues herein pursuant to 15 U.S.C. § 1681 et seq., The Fair Credit Reporting Act (hereinafter "FCRA").  This court has pendent jurisdiction over the state law issues presented.  Since Defendants do business within this court's district and division, venue is proper under 28 U.S.C. § 1391.

## FACTS

7.     In 1999, Plaintiff Jeffrey Lee Tapley obtained a credit card from Defendant MBNA America Bank, N.A. (hereinafter "MBNA").  Plaintiff Betty Tapley co-signed with her son to help him obtain the MBNA credit card.

8.     In May of 2001, Plaintiff Jeffrey Lee Tapley learned that a company named "Privacy Guard" had made an unauthorized charge to his MBNA credit card account for a "security service" that he did not want or need.  As soon as he learned about this charge, Plaintiff Jeffrey Lee Tapley informed MBNA that the charge had not been authorized and that he wanted to close the credit card account.  Plaintiff Jeffrey Lee Tapley then called Privacy Guard directly about the charge.  Plaintiffs were given to understand that Privacy Guard was going to issue a credit for the charge.  Plaintiffs were informed by MBNA that, as soon as the credit was received from Privacy Guard, the account would be closed and would be marked as "paid in full - acccount closed by customer."

9.     Plaintiffs did not hear back from the companies and did not receive anymore credit card account statements from MBNA, and understood the charge had been taken off and the account closed.

10.    In 2002, Plaintiff Jeffrey Lee Tapley applied for a job at Aliant Bank where Plaintiff Betty Tapley worked.  Plaintiff Jeffrey Lee Tapley was qualified for the job but was not hired because his credit report showed the above-referenced

MBNA credit card account as being written off as a bad debt. Plaintiff Betty Tapley learned that this report was on her credit report, as well.

11. Plaintiff Jeffrey Lee Tapley called MBNA and was told that, even if he sent the money they were claiming he owed them, they would not agree to remove the bad debt report from their records and would continue to report the transaction as a bad debt to the various credit reporting agencies.

12. Since then, Plaintiffs have both received credit reports from Defendants Trans Union, LLC (hereinafter "Trans Union), Equifax Information Services, LLC (hereinafter "Equifax") and Experian Information Solutions, Inc. (hereinafter "Experian"), which showed the MBNA credit card account as closed with a bad debt written off.

13. Plaintiffs have written to Trans Union, Equifax and Experian and explained why this report is erroneous and requested that these Defendants remove the erroneous record from their reports.

14. Defendants Trans Union, Equifax and Experian refused to remove the erroneous MBNA record from their reports.

15. Since then, Plaintiffs have had trouble getting credit and their insurance rates have gone up.

## Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

16. The Defendants, by issuing erroneous reports of Plaintiffs' credit history as described in Paragraphs 8-15 above, have violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

17. The Defendants, by knowingly and willfully refusing to correct their reports of Plaintiffs' credit history as described above, have further violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

18. Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately

reported Plaintiffs' credit history.  Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA America Bank, N.A., Trans Union, LLC, Equifax Information Services, LLC and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law.  Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

## Count II

### DEFAMATION SLANDER AND LIBEL

19. The Defendants, by issuing erroneous reports of Plaintiffs' credit history as described in Paragraphs 8-15 above, have defamed, slandered and libeled Plaintiffs.

20. The Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

21. Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history.  Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA America Bank, N.A., Trans Union, LLC, Equifax Information Services, LLC and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law.  Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

## Count III

NEGLIGENCE/WANTONNESS/WILFULLNESS

22. The Defendants, negligently, wantonly and/or willfully issued and continue to issue erroneous reports of Plaintiffs' credit history as described in Paragraphs 8-15 above.

26. Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

27. Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA America Bank, N.A., Trans Union, LLC, Equifax Information Services, LLC and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

*PLAINTIFFS HEREBY DEMAND TRIAL BY STRUCK JURY*

_____
Patrick J. Ballard
Federal I.D. No.:  xxx-xx-7233
2214 Second Ave. N., Suite 100
Birmingham AL 35203
TELE:  (205) 321-9600
email:  pat@ballardlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Kary Bryant Wolfe
WALSTON, WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, AL  35283-0642

Garrett E. Miller
KILPATRICK STOCKTON
1100 Peachtree St., Ste. 2800
Atlanta, GA  30309

Laura C. Nettles
LLOYD, GRAY & WHITEHEAD, P.C.
2502 20th Pl. S., Ste. 300
Birmingham, AL  35223

by email via the CM/ECF system on this the ___ day of August, 2006.

_____
Patrick J. Ballard

cc:    Andrew J. Noble, III