IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEFFREY LEE TAPLEY, et al., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 3:06-cv-441-MEF |
| | ) |
| MBNA AMERICA BANK, N.A., | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

NOTICE OF SERVICE OF WAIVER OF SERVICE FORMS

    COME NOW the Plaintiffs in the above styled cause and give notice to the Court that they have served upon Defendant MBNA America Bank, N.A. a request for waiver of service pursuant to Rule 4, Fed. R. Civ. Proc. as evidenced by the attached letter and form.

    Respectfully submitted this 18th day of August, 2006

                                                   _____
                                                 Patrick J. Ballard
                                                 Federal I.D. No.: xxx-xx-7233
                                                 2214 Second Ave. N., Suite 100
                                                 Birmingham AL 35203
                                                 TELE: (205) 321-9600
                                                 email: pat@ballardlawoffice.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Kary Bryant Wolfe
WALSTON, WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, AL  35283-0642

Garrett E. Miller
KILPATRICK STOCKTON
1100 Peachtree St., Ste. 2800
Atlanta, GA  30309

Laura C. Nettles
LLOYD, GRAY & WHITEHEAD, P.C.
2502 20th Pl. S., Ste. 300
Birmingham, AL  35223

by email via the CM/ECF system of the Middle District of Alabama; and upon

Andrew J. Noble, III
BRADLEY ARANT ROSE & WHITE
P.O. Box 830709
Birmingham, AL  35283

by U.S. Mail, postage prepaid and properly addressed, on this the 18th day of August, 2006.

_____
Patrick J. Ballard

**EXHIBIT A**

Phone: (205) 321-9600                                    Mobile:            (205) 706-7069
Fax:    (205) 323-9805                                    Email:     pat@ballardlawoffice.com

# PATRICK J. BALLARD

ATTORNEY AT LAW
2214 Second Avenue North, Suite 100
Birmingham, Alabama 35203

Friday, August 18, 2006

Andrew J. Noble, III
BRADLEY ARANT ROSE & WHITE
P.O. Box 830709
Birmingham, AL  35283

**Re:**   Tapley v. MBNA America Bank, N.A., et al.; In the United States District Court for the Middle District of Alabama, Eastern Division; 3:06cv441-MEF

Dear Andy:

Per our discussion on August 2nd, enclosed please find an amended complaint naming the MBNA defendant correctly.  Also enclosed are two copies of a waiver of service.  It is my understanding that you are going to execute the waiver or get it to the proper person for that task.  If you have any questions, or if anything else is needed, please do not hesitate to call me.

Sincerely,


Patrick J. Ballard

enclosures

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEFFREY LEE TAPLEY, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )    CASE NO. 3:06-cv-441-MEF |
| | ) |
| MBNA AMERICA BANK, N.A., | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

### WAIVER OF SERVICE OF SUMMONS

TO: Patrick J. Ballard, Attorney for Plaintiff

    I acknowledge receipt of your request that I waive service of a summons in the action of *Tapley v. MBNA Corporation*, which is case number 3:06-cv-441-SRW in the United States District Court for the Northern District of Alabama, Southern Division. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 18, 2006, or within 90 days after that date if the request was sent outside the United States.

_____    _____
Date              Signature
Printed/typed name:  _____
                           as Registered Agent of MBNA Corporation

DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

  Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

  It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

  A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY LEE TAPLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06-cv-441-MEF |
| | ) | |
| MBNA AMERICA BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

AMENDMENT TO COMPLAINT

COME NOW the Plaintiffs, Jeffrey Lee Tapley, and his mother, Betty Tapley, and amend their complaint by stating the following claims against Defendants MBNA America Bank, N.A., TransUnion LLC, Equifax, Inc. and Experian Information Solutions, Inc.:

PARTIES

1. Plaintiffs are over the age of nineteen years and are residents of Tallapoosa County, Alabama.

2. Defendant MBNA America Bank, N.A., incorrectly nominated as MBNA Corporation in the original complaint, is a foreign corporation doing business in Tallapoosa County, Alabama. Plaintiffs hereby renominate this defendant as MBNA America Bank, N.A.

3. Defendant Trans Union, LLC, incorrectly nominated ast "TransUnion, LLC" in the original complaint, is a foreign corporation doing business in Tallapoosa County, Alabama. Plaintiffs hereby renominate this defendant as Trans Union, LLC.

4. Defendant Equifax Information Services, LLC, incorrectly nominated as "Equifax, Inc." in the original complaint, is a foreign corporation doing business

in Tallapoosa County, Alabama. Plaintiffs hereby renominate this defendant as Equifax Information Services, LLC.

5. Defendant Experian Information Solutions, Inc. is a foreign corporation doing business in Tallapoosa County, Alabama.

## JURISDICTION

6. This court has subject matter jurisdiction over the primary issues herein pursuant to 15 U.S.C. § 1681 et seq., The Fair Credit Reporting Act (hereinafter "FCRA"). This court has pendent jurisdiction over the state law issues presented. Since Defendants do business within this court's district and division, venue is proper under 28 U.S.C. § 1391.

## FACTS

7. In 1999, Plaintiff Jeffrey Lee Tapley obtained a credit card from Defendant MBNA America Bank, N.A. (hereinafter "MBNA"). Plaintiff Betty Tapley co-signed with her son to help him obtain the MBNA credit card.

8. In May of 2001, Plaintiff Jeffrey Lee Tapley learned that a company named "Privacy Guard" had made an unauthorized charge to his MBNA credit card account for a "security service" that he did not want or need. As soon as he learned about this charge, Plaintiff Jeffrey Lee Tapley informed MBNA that the charge had not been authorized and that he wanted to close the credit card account. Plaintiff Jeffrey Lee Tapley then called Privacy Guard directly about the charge. Plaintiffs were given to understand that Privacy Guard was going to issue a credit for the charge. Plaintiffs were informed by MBNA that, as soon as the credit was received from Privacy Guard, the account would be closed and would be marked as "paid in full - acccount closed by customer."

9. Plaintiffs did not hear back from the companies and did not receive anymore credit card account statements from MBNA, and understood the charge had been taken off and the account closed.

10. In 2002, Plaintiff Jeffrey Lee Tapley applied for a job at Aliant Bank where Plaintiff Betty Tapley worked. Plaintiff Jeffrey Lee Tapley was qualified for the job but was not hired because his credit report showed the above-referenced MBNA credit card account as being written off as a bad debt. Plaintiff Betty Tapley learned that this report was on her credit report, as well.

11. Plaintiff Jeffrey Lee Tapley called MBNA and was told that, even if he sent the money they were claiming he owed them, they would not agree to remove the bad debt report from their records and would continue to report the transaction as a bad debt to the various credit reporting agencies.

12. Since then, Plaintiffs have both received credit reports from Defendants Trans Union, LLC (hereinafter "Trans Union), Equifax Information Services, LLC (hereinafter "Equifax") and Experian Information Solutions, Inc. (hereinafter "Experian"), which showed the MBNA credit card account as closed with a bad debt written off.

13. Plaintiffs have written to Trans Union, Equifax and Experian and explained why this report is erroneous and requested that these Defendants remove the erroneous record from their reports.

14. Defendants Trans Union, Equifax and Experian refused to remove the erroneous MBNA record from their reports.

15. Since then, Plaintiffs have had trouble getting credit and their insurance rates have gone up.

**Count I**

VIOLATION OF THE FAIR CREDIT REPORTING ACT

16. The Defendants, by issuing erroneous reports of Plaintiffs' credit history as described in Paragraphs 8-15 above, have violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

17. The Defendants, by knowingly and willfully refusing to correct their reports of Plaintiffs' credit history as described above, have further violated the Fair Credit Reporting Act 15 U.S.C. §§ 1681, et seq.

18. Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA America Bank, N.A., Trans Union, LLC, Equifax Information Services, LLC and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

## Count II

### DEFAMATION, SLANDER AND LIBEL

19. The Defendants, by issuing erroneous reports of Plaintiffs' credit history as described in Paragraphs 8-15 above, have defamed, slandered and libeled Plaintiffs.

20. The Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

21. Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA America Bank, N.A., Trans Union, LLC, Equifax Information Services, LLC and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

# Count III

### NEGLIGENCE/WANTONNESS/WILFULLNESS

22. The Defendants, negligently, wantonly and/or willfully issued and continue to issue erroneous reports of Plaintiffs' credit history as described in Paragraphs 8-15 above.

23. Defendants, by knowingly and willfully refusing to correct its report of Plaintiffs' credit history as described above, have demonstrated a willful and/or malicious intent to injure Plaintiffs.

24. Plaintiffs have suffered injury to their credit and to their good names, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history. Further, Plaintiff Jeffrey Lee Tapley was denied employment because of the above-referenced erroneous credit report.

WHEREFORE, Plaintiffs demand judgment against Defendants MBNA America Bank, N.A., Trans Union, LLC, Equifax Information Services, LLC and Experian Information Solutions, Inc. in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interest and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, that it assess an attorney fee to be awarded to Plaintiffs' attorney.

***PLAINTIFFS HEREBY DEMAND TRIAL BY STRUCK JURY***

_____
Patrick J. Ballard
Federal I.D. No.: xxx-xx-7233
2214 Second Ave. N., Suite 100
Birmingham AL 35203
TELE: (205) 321-9600
email: pat@ballardlawoffice.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Kary Bryant Wolfe
WALSTON, WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, AL  35283-0642

Garrett E. Miller
KILPATRICK STOCKTON
1100 Peachtree St., Ste. 2800
Atlanta, GA  30309

Laura C. Nettles
LLOYD, GRAY & WHITEHEAD, P.C.
2502 20th Pl. S., Ste. 300
Birmingham, AL  35223

by email via the CM/ECF system on this the ___ day of August, 2006.

_____
Patrick J. Ballard

cc:    Andrew J. Noble, III